# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 5, 2010 Session

## ANGELA SUSAN WISDOM v. WELLMONT HEALTH SYSTEM

**Appeal from the Circuit Court for Sullivan County**

**No. C37045(C)    Hon. John S. McLellan, III., Judge**

---

**No. E2010-00716-COA-R9-CV - FILED DECEMBER 10, 2010**

---

The Trial Judge ruled against defendant's Motion for Summary Judgment because there were disputed issues of material fact. The Trial Court authorized an interlocutory appeal, which we granted. Upon consideration of the case, we conclude, as did the Trial Judge, there are disputed issues of material fact, affirm the Judgment of the Trial Court and remand.

**Tenn. R. App. P. Rule 9 Appeal; Judgment of the Circuit Court Affirmed and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

Stephen M. Darden and Jimmie C. Miller, Johnson City, Tennessee, for the appellant, Wellmont Health System.

F. Braxton Terry, Morristown, Tennessee, Douglas T. Jenkins, Rogersville, Tennessee, and William Lewis Jenkins, Jr., Dyersburg, Tennessee, for the appellee, Angela Susan Wisdom.

## OPINION

Plaintiff, Wisdom, sued her employer, Wellmont Health System, alleging that she was the victim of retaliatory discharge. She averred that prior to 1989, she worked for Holston Valley Community Hospital, which was subsequently acquired by Wellmont. She stated that in August 2003, she applied for the position of Nurse Manager of Surgery at Bristol

Regional, and was employed in that capacity on October 13, 2003. She stated that she immediately found herself in a difficult position, with different groups of personnel in the surgery department being very antagonistic toward one another, and she felt that the antagonism threatened proper patient care. She stated that with the approval of her supervisors, she began to implement changes to improve the situation, and that from October 2003 to November 2004, she received many positive comments from her supervisors, but that she experienced resistance from the surgical staff she supervised, but was encouraged by her supervisors to continue on this course.

Plaintiff averred that on November 22, 2004, she was summoned to a meeting with her supervisor, Diana Holloway, and others, to meet with a state inspector. She stated that she was questioned at the meeting about violations of HIPAA which were alleged to have been occurring at the hospital, and she refused to remain silent about these violations, but reported the same to the inspector, telling her that she had knowledge of the violations, had reported them to Ms. Holloway, and expected that they would be addressed. Plaintiff stated that she also reported that the surgical schedules were distributed to other areas of the hospital which had no need for the information, and was deemed to be a violation. She averred that she always performed her duties in accordance with company policy and met or exceeded her supervisors' expectations, but was ultimately terminated on November 24, 2004. She charged that her termination was in retaliation for her numerous reports of violations of law and policy, as well as her reports of HIPAA violations to the state inspector.

Defendant answered, denying the material allegations of the Complaint, and filed a Motion for Summary Judgment, alleging that plaintiff was an employee at-will, that defendant could negate one or more of the elements of plaintiff's claim of retaliatory discharge, and that defendant had articulated a legitimate, non-discriminatory basis for its actions. Defendant attached excerpts from plaintiff's deposition, wherein she testified that she had applied for other positions but had not gotten the same due to her termination by defendant, and that she had applied for 3-4 transfers during the 30-day window she was given by defendant to find another job.

In her deposition regarding the HIPAA violations, plaintiff stated that she did not know why the state investigator came to the hospital, and was not aware that she was coming. Plaintiff testified that she only met the investigator once when Ms. Holloway came and told her that they needed to go talk to an investigator. Plaintiff explained that Holloway told her en route to the meeting that it was best if she didn't say anything. Plaintiff testified that the investigator asked her questions about a violation that she knew about and had previously reported, and that she answered honestly about it. Also in her deposition, plaintiff identified a document which stated that she was terminated effective December 24, 2004, and which stated that she could be considered for any staff nurse position at any Wellmont facility

except Bristol Regional. This document states her reason for removal as "unable to function effectively in management role." An affidavit of Suzanne Rollins was filed by defendant, as well as a deposition. In the affidavit Rollins said her decision to remove plaintiff as manager was the result of overwhelming negative comments by staff members during a meeting on November 22, 2004. Rollins stated that she knew plaintiff alleged that her removal was due to her comments to a state investigator during a meeting on November 22, 2004, but she denied this was a factor. Rollins stated that when she made the decision to remove plaintiff, she did not know that plaintiff had spoken to the investigator. Rollins stated that she did not consider the other "issues" raised by plaintiff, and did not have any knowledge of them.

Defendant also filed several affidavits of personnel which buttressed defendant's position that plaintiff created controversies and low morale and was not an effective supervisor.

Defendant filed a Statement of Undisputed Material Facts. Plaintiff then filed a Response, stating that the reasons advanced by defendant for her discharge were pretextual, as she received no complaints about her job performance from her supervisors until she began to be insistent about policy, patient care, and legal violations by Wellmont. She stated that she always received positive comments about her performance, but was terminated within a day or two of reporting HIPAA violations to a state inspector.

She stated that, around November 11, 2004, when she realized the animosity she was starting to face, she applied for a transfer to another position, but Ms. Rollins and several employees asked her to please stay, so she did. Plaintiff stated that the state inspector came a few days later, and she was asked by Holloway to attend the meeting.

In response to the Motion for Summary Judgment, the Trial Court entered an Order denying summary judgment, finding that there were material facts in dispute, and then on the Motion of defendant for an Interlocutory Appeal, the Trial Court granted the appeal and the appeal was accepted by this Court.

The issue presented for review is:

1.      Did the Trial Court err in failing to grant summary judgment to Wellmont?

When reviewing the denial of a motion for summary judgment, this Court must review the trial court's decision *de novo*, and reviews the entire record to make a "fresh determination concerning whether or not the requirements of Tenn. R. Civ. P. 56 have been met." *Blair v. West Town Mall*, 130 S.W.3d 761 (Tenn. 2004). The Court must determine

if there is a genuine issue concerning any material fact, and whether the moving party is entitled to judgment as a matter of law. *Id.* A fact is "material" if it must be decided in order to resolve the substantive claim at which the motion is directed. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1992). The evidence must be viewed in favor of the nonmoving party, and all reasonable inferences to be drawn from the evidence must be drawn in the nonmoving party's favor. *Id.*

To demonstrate that a case presents no genuine issue of material fact, the moving party must produce evidence "that affirmatively negates an essential element of the nonmoving party's claim or shows that the nonmoving party cannot prove an essential element of the claim at trial." *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). To negate an essential element, the moving party must "point to evidence that tends to disprove a material factual allegation made by the nonmoving party." *Id.* If the moving party cannot do so, summary judgment is not warranted. *Id*.

Defendant argues that plaintiff cannot prove a *prima facie* case of either statutory or common law retaliatory discharge, and that defendant has affirmatively negated essential elements of plaintiff's claims. A statutory claim under Tenn. Code Ann. §50-1-304 requires a showing that:

1.  The plaintiff is an employee of the defendant employer;

2.  That she refused to participate in, or remain silent about, "illegal activities" as defined in the statute;

3.  That she was terminated from her employment; and

4.  That an exclusive causal relationship exists between her refusal to participate in/remain silent about illegal activities and her termination.

*Voss v. Shelter Mut. Ins. Co.*, 958 S.W.2d 342 (Tenn. Ct. App. 1997).

"Illegal activities" are defined in the statute as "activities that are in violation of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety or welfare." Tenn. Code Ann. §50-1-304(a)(3). Similarly, to recover on a claim of common law retaliatory discharge, the plaintiff must show:

1.  That she was an employee at-will;

2.  That she was discharged;

3. That the reason for the discharge was that she attempted to exercise a statutory or constitutional right, or for any other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision; and

4. That the employee's exercise of protected rights or compliance with clear public policy was a substantial factor in the employee's discharge.

*Crews v. Buckman Labs Int'l, Inc.*, 78 S.W.3d 852 (Tenn. 2002).

Defendant argues that it has negated elements of both the statutory and common law retaliatory discharge claims. First, that plaintiff cannot show that she engaged in protected activity or refused to remain silent about illegal activities, and has pointed to no clear constitutional, statutory, or regulatory provisions that were violated. A review of the activities which plaintiff claims to be illegal and that she reported to her supervisors show that for the incidents involving the use of bleach, the patient being anesthetized too early or the anesthesiologist leaving the room during the procedure, or the surgeon's assistant scrubbing in for the mere purpose of adding unnecessary charges, plaintiff has pointed to no clear violation of a constitutional, statutory, or regulatory provision. Plaintiff makes general allegations regarding statutory provisions regarding billing practices for TennCare and fraud in contractual arrangements, but has not shown that these statutes were violated. It has often been held that an action for retaliatory discharge will not lie where the only matters involved are those involving "internal management issues". *See Burnett v. America's Collectibles Network, Inc.*, 2010 WL 669246 (Tenn. Ct. App. Feb. 25, 2010).

The allegation which plaintiff has made arising to the level of an "illegal activity" or one violating a clear constitutional, statutory, or regulatory provision is the statement that plaintiff reported violations of HIPAA to the state inspector. Plaintiff alleged that she was instructed that it would be "best" not to say anything when she and Ms. Holloway were on their way to the meeting (to be questioned about the known violation where the surgical schedule found its way to the home of Mr. Tickle), but that she spoke openly about her knowledge of the situation. Plaintiff stated that she informed the inspector that surgical schedules were routinely distributed to hospital departments that did not have the need for such information, which was an additional HIPAA violation of which the inspector was previously unaware, and that she was then discharged a day or two later.

Defendant argues that it has negated these claims by presenting the testimony of Ms. Rollins, the supervisor who ultimately made the decision to discharge plaintiff, that she was unaware that this meeting had taken place with the state inspector at the time she decided to terminate plaintiff, thus establishing that it was not a factor. Defendant also relies upon the

legitimate, non-discriminatory reasons that it has advanced for terminating plaintiff, i.e., that she was not performing effectively in her managerial role.

As the Supreme Court has recently recognized, however, it is improper at the summary judgment stage to engage in the *McDonnell Douglas* framework that is applicable at trial, i.e., that the employer can show a legitimate, non-discriminatory reason for the discharge and the employee must then show that said reason is pretextual. *Gossett v. Tractor Supply Company, Inc.*, 2010 WL 3633459 (Tenn. Sept. 20, 2010). The Court recognized that application of this type of burden shifting at the summary judgment stage may result of trial courts disposing of factual questions on summary judgment, which is improper. *Id.*

The proper analytical framework on summary judgment is that if the moving party can affirmatively negate an essential element, then the burden of production shifts to the nonmoving party to show that a genuine issue of material fact exists. *Hannan*, p. 8. The Court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Gossett*. Thus, taking the strongest view of the evidence in plaintiff's favor and drawing all reasonable inferences in her favor, and discarding all countervailing evidence, plaintiff has shown that she spoke out at a meeting with the state inspector about violations of HIPAA (a clear statutory provision involving patient privacy rights), which had occurred at the hospital, and she was fired within two days. The clear inference to be drawn is that plaintiff's action at the meeting resulted in her discharge from employment. Defendant disputes this was a factor in plaintiff's termination, but this is the very essence of a disputed material fact. The only way the Court could grant summary judgment on this issue would be to weigh the evidence and make a credibility determination in favor of Ms. Rollins, which is not appropriate at the summary judgment stage. We hold the Trial Court properly denied the Motion for Summary Judgment to defendant.

Defendant further argues that plaintiff cannot state a *prima facie* claim of retaliatory discharge because plaintiff was not actually terminated, as she was given the opportunity to find another position within 30 days and did not do so. Plaintiff stated, however, that she tried to find another position and was thwarted in her efforts by the administration. Once again, plaintiff has presented an issue of disputed material fact regarding the effect of the employment action taken against her. If she was given thirty days to find another position within the system but then thwarted in her efforts to do so by the administration, she was then effectively discharged.

Finally, defendant argues that it should have been granted summary judgment on plaintiff's statutory claim of retaliatory discharge, because the claim requires that plaintiff show that the sole cause for her discharge was her refusal to remain silent about illegal

activities, as opposed to it merely being a substantial factor. Defendant argues that since plaintiff testified in her deposition that her refusal to remain silent was not the sole cause of her discharge, she has effectively negated an element of this claim. However, we reiterate plaintiff has stated sufficient facts to show that a genuine issue exists with regard to the motivation for her discharge by defendant, which is all that she must do at this stage. Whether plaintiff's subjective belief that other factors may have also influenced the decision is ultimately borne out by the factual evidence is an issue which must be determined by the trier of fact.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Wellmont Health System.

_____
HERSCHEL PICKENS FRANKS, P.J.